JOSEPHINE TRUDELL, as Administratrix of the Estate of WILBUR TRUDELL, Deceased, Appellant, v. NEW YORK RAPID TRANSIT CORPORATION, Respondent.

Submitted May 31, 1939; decided July 11, 1939.

*Mordecai Konowitz* and *Gustave Schwartz* for appellant.

Andrew F. Van Thun, Jr., and W. Harry Sefton for respondent.

RIPPEY, J. This action was brought to recover damages from defendant for its alleged negligence which caused the death of plaintiff's intestate, a boy fourteen years of age. It is asserted that he was a passenger on one of defendant's cars and was precipitated from the platform of the car through a sudden, violent and extraordinary jerk or lurch of the train of which the car was a part. At the close of all the evidence, the trial judge directed a verdict for defendant. Judgment, entered upon the directed verdict, was affirmed by the Appellate Division by a divided court. It was error to direct a verdict, if the evidence presented issues of fact (McDonald v. Metropolitan St. Ry. Co., 167 N. Y. 66).

There was evidence on the part of plaintiff which, if credible, warranted a jury to find that, on the afternoon of March 29, 1933, the deceased and other school boys when returning home from school entered by way of the front door of the last car as passengers of defendant in a three-car train and were forced to pass to the rear and through the rear door of the car and stand on the rear platform while the train proceeded, since there were then no vacant seats or standing room within the car; that, after riding on the car platform for some distance, the train stopped at Atlantic avenue in the city of New York; that it started out of the station slowly and proceeded about a block, when it gave an extraordinary and unusual violent jerk or lurch; that the deceased was thrown violently against the gate on the left side of the train platform, which gave way, and that he

was thrown from the platform, receiving the injuries which caused his death.

Whether the jerk or lurch was unusual and violent or the contrary was sharply contested and raised a question of fact. If out of the ordinary and unusual, the sudden jerk was evidence warranting the imputation of negligence in the operation of the train (*Gardner* v. *Central Park, North & East River R. R. Co.*, 218 N. Y. 753; *Futoransky* v. *Nassau Electric R. R. Co.*, 227 N. Y. 638). There was evidence to show that the deceased was standing, prior to the sudden jerk, with his back toward the gate and a few feet away and that there were neither seats nor standing room within the car available for use of deceased. It was the duty of defendant to furnish a safe and secure place for deceased to ride. " Proof of its omission to do so, whereby the plaintiff's intestate was obliged to ride in an unsafe place on the platform of the car," coupled with the other circumstances established by the evidence, presented a question of fact as to defendant's negligence (*Werle* v. *Long Island R. R. Co.*, 98 N. Y. 650, 651; *Lehr* v. *Steinway & Hunters Point R. R. Co.*, 118 N. Y. 556; *Graham* v. *Manhattan Ry. Co.*, 149 N. Y. 336, 341). There was evidence to show that riding by passengers on the platform of its cars, when crowded, was not only a common occurrence but had also been permitted. The danger of an accident such as resulted from the deceased riding on the platform might reasonably have been anticipated by the defendant (*Graham & Manhattan Ry. Co.*, supra; *Lehr* v. *Steinway & Hunters Point R. R. Co.*, supra). The construction of the gate and its fastenings and the method and means of opening, closing and locking it were covered by the testimony. Whether it was securely closed and fastened before the accident was a question of fact. Whether it was securely fastened or not, from the evidence in the case it might reasonably be inferred that the opening of the gate through which the deceased fell was caused by the lurch of the train and his consequent violent fall against the gate and its fastenings. As to defendant's negligence, a question of fact was presented for the consideration of the jury.

Section 83 of the Railroad Law (Cons. Laws, ch. 49) reads, in part, as follows: " No railroad corporation shall be liable for any injury to any passenger while on the platform of a car, or in any baggage, wood or freight car, in violation of the printed regulations of the corporation, posted up at the time in a conspicuous place inside of the passenger cars, then in the train, if there shall be at the time sufficient room for the proper accommodation of the passenger inside such passenger cars." The statute has no application to a street railroad (*Vail* v. *Broadway R. R. Co.*, 147 N. Y. 377). Even though it were otherwise, defendant obtained no immunity from liability for the accident in question by virtue of the provisions of that section since, at the time of the accident, there were no printed regulations of the corporation posted inside of the passenger car prohibiting a passenger from riding on the platform of the car and there was not sufficient room for the proper accommodation of the deceased inside the car.

The question of the contributory negligence of the deceased was also one of fact for the jury, even though the deceased was *sui juris* (*Graham* v. *Manhattan Ry. Co.*, *supra; Lehr* v. *Steinway & Hunters Point R. R. Co.*, *supra; Thurber* v. *Harlem B., M. & F. R. R. Co.*, 60 N. Y. 326; *Cattano* v. *Metropolitan St. Ry. Co.*, 173 N. Y. 565; *Werle* v. *Long Island R. R. Co.*, *supra; Jacobs* v. *Koehler S. G. Co.*, 208 N. Y. 416; *Camardo* v. *N. Y. State Railways*, 247 N. Y. 111, 115, 116). Upon the argument here, defendant asserts that it relied upon the provisions of section 4 of article I of chapter 19 of the Code of Ordinances of the City of New York, providing in part, that " no passenger on any elevated railroad train, whether operated over, upon or under the surface, in the city of New York, shall ride on the rear platform of the rear car, where such rear platform is not enclosed by vestibule " (now Administrative Code of City of New York [L. 1937, ch. 929], § 362–6.0), and that a violation of the section shall upon conviction be punishable by fine or imprisonment. This ordinance was not pleaded. Had it been pleaded, however, violation of the ordinance would have been merely some evidence of negligence which, if relevant

and causal connection between the ordinance and its violation and the accident were shown and proper foundation were laid for its admission, might have been considered by the jury along with the other evidence in the case on the question of contributory negligence of the deceased (*Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345, 349). Violation of the ordinance by the deceased, though material and relevant, would not bar plaintiff's recovery as matter of law (*McRickard* ·v. *Flint*, 114 N. Y. 222, 226).

The judgments should be reversed and a new trial granted, with costs in all courts to the appellant to abide the event.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and FINCH, JJ., concur; O'BRIEN, J., taking no part.

Judgments reversed, etc.