RUBICON OPERATING CORPORATION, Respondent, v. W. A. RUTHERFORD CORPORATION, Appellant.— In an action brought by the plaintiff against the defendant for the reformation of a contract whereby the defendant agreed to sell and the plaintiff to buy certain real property, judgment in favor of the plaintiff reforming the contract, adjudging that the plaintiff recover of the defendant the sum of $5,920.07, and that said sum be a lien and be charged against the premises, reversed on the facts and a new trial granted, with costs to appellant to abide the event, upon the ground that the determination of the court is against the weight of the evidence. As there is to be a new trial, all findings of fact and conclusions of law are reversed. Appeals from two orders denying defendant's motion to vacate the judgment and for a new trial on the ground of newly-discovered evidence, dismissed, without costs. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

ANNA SAPEGO and FRANK SAPEGO, Respondents, v. THE INCORPORATED VILLAGE OF MOUNT KISCO, NEW YORK, Appellant, and YOUNG AND HALSTEAD COMPANY, Appellant, Respondent.— In an action to recover damages for injuries sustained by plaintiff wife as the result of a fall upon an alleged defective sidewalk and by her husband for expenses and loss of services, judgment in favor of plaintiffs and against defendants affirmed, with costs to plaintiffs. Order denying motion of appellant Incorporated Village of Mount Kisco, New York, for judgment over and against appellant-respondent Young and Halstead Company affirmed, with costs to said appellant-respondent. There is no competent proof as to the time when and the circumstances under which the trough alongside the abutting owner's shed and the drains leading therefrom were constructed, nor by whom. The sidewalk condition was used for a two-fold purpose. On behalf of the village it served to carry off water and dirt running onto the sidewalk from Quaker Hill road and elsewhere. The abutting owner used it to carry off rain water from its roof, the edge of which overhung the sidewalk. Independently of each other the defendants utilized the drain in question and are charged with its maintenance. Lazansky, P. J., Hagarty and Johnston, JJ., concur; Adel and Close, JJ., concur, except as to affirmance of the judgment against defendant Young and Halstead Company, and as to that defendant vote to reverse the judgment and to dismiss the complaint, with the following memorandum: There is no proof in the record to show that defendant Young and Halstead Company constructed the gutter or drain or that this drain was constructed for its sole benefit. In the absence of such proof it cannot be cast in liability. (Restatement, Torts, § 350.)

JOSEPHINE TRUDELL, as Administratrix, etc., of WILBUR TRUDELL, Deceased, Respondent, v. NEW YORK RAPID TRANSIT CORPORATION, Appellant.— In an action brought to recover damages resulting from the death of plaintiff's intestate, a twelve-year old boy, who fell from the rear platform of one of defendant's elevated trains, judgment in favor of plaintiff unanimously affirmed, with costs. The evidence taken at the second trial differed in no important respect from that taken at the first. The Court of Appeals has held that the evidence taken at the first trial was sufficient to create issues of fact for the jury and that it was error to direct a verdict for the defendant. (*Trudell* v. *N. Y. Rapid Transit Corp.*, 281 N. Y. 82.) On substantially the same evidence the court at the second trial was obliged to submit the issues to the jury, and we cannot say that the verdict was against the weight of the evidence. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ.