Per Curiam.

The action was brought to recover damages for the alleged wrongful death of deceased. Defendant Donaldson, the driver of the taxicab which had allegedly struck the deceased, was called as a witness by plaintiff. To show that the taxi driver was violating a traffic regulation duly promulgated by the Police Commissioner of the City of New York requiring that “ A driver * * * Shall keep to the right, as near to the right curb as practicable,” (Traffic Regulations, § 72) plaintiff’s counsel sought to adduce that there was no obstruction to prevent Donaldson from keeping as near to the right curb as practicable as he was traveling in a westerly direction to cross Eighth Avenue. This inquiry was foreclosed by the court’s ruling, which was duly excepted to. Though in the court’s charge it quoted the traffic regulation and properly explained its meaning and application, this merely served to accentuate the error in barring the query as to whether there was anything to prevent Donaldson from keeping to his right as he was “ coming down 125th Street approaching Eighth Avenue ”.
Violation of a traffic regulation is some evidence of negligence. (Trudell v. N. Y. Rapid Transit Corp., 281 N. Y. 82, 86; Carlock *651 v. Westchester Lighting Co., 268 N. Y. 345.) If such violation were established, a jury 'might reasonably conclude upon the evidence in this case that the failure of compliance with the regulation by defendant was a proximate cause of the accident. Donaldson testified that decedent had stepped out from among persons standing within or immediately to the west of the boundaries of a safety zone which was located just east of the northeast corner of 125th Street and Eighth Avenue. Other evidence established that the impact between the cab and the deceased occurred at a point on the crosswalk of Eighth Avenue and west of the safety zone, some twenty-two feet south of the north curb of 125th Street. As there was some evidence that the accident would not have occurred if Donaldson had kept to the right of the safety zone, it was entirely proper for plaintiff to prove that there was nothing to prevent Donaldson from keeping to his right. In the circumstances, the court’s ruling constituted prejudicial error.
The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.
Martin, P. J., Cohn, Callahan, Peck and Van Yoorhis, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.