OPINION OF THE COURT
 

 Gabrielli, J.
 

 On August 17, 1970, the infant plaintiff, Jose De Leon, was seriously injured when he slipped and fell between two moving subway cars while riding on a train operated by defendant, the New York City Transit Authority. Alleging that the accident had been caused by defendant’s negligence in operating the subway train, Jose’s mother subsequently brought an action against the Transit Authority on behalf of herself and the infant plaintiff. At trial, the Transit Authority sought to take advantage of the immunity from tort liability conferred
 
 *179
 
 by section 83 of the Railroad Law which provides, in pertinent part, that "[n]o railroad corporation shall be liable for any injury to any passenger while on the platform of a car * * * in violation of the printed regulations of the corporation, posted up at the time in a conspicuous place inside the passenger cars, then in the train, if there shall be at the time sufficient room for the proper accommodation of the passenger inside such passenger cars”. The sole question presented upon this appeal is whether the facts adduced at trial were sufficient to warrant application of this statutory defense.
 

 During the trial, the Transit Authority called various witnesses in an effort to demonstrate that the infant plaintiff, who was seven years old at the time of the accident, had either been standing on the platform which separated the cars or had been running between the cars in violation of subway regulations when he slipped and fell. Plaintiff, on the other hand, introduced contrary evidence tending to show that he had been asleep well inside the subway car when the train lurched forward, propelling him through the open car door and onto the unguarded outer platform from which he fell.
 

 After all of the evidence for both sides had been presented, the Trial Judge informed the parties that he intended to leave to the jury the determination whether defendant Transit Authority should be exonerated from liability pursuant to section 83 of the Railroad Law. Plaintiff’s counsel promptly objected, contending that defendant Transit Authority had failed to elicit facts sufficient to substantiate every element of the statutory defense. Specifically, plaintiff’s counsel argued that the Transit Authority had failed to introduce any proof that the subway regulation prohibiting standing or running between cars had been conspicuously posted, as required, inside the passenger cars of the train in which plaintiff was riding at the time the accident occurred. Because of this defect in the Transit Authority’s proof, plaintiff argued, the Transit Authority was not entitled to have the jury consider whether section 83 of the Railroad Law should be applied to bar plaintiff’s claim.
 
 [1]
 

 The Trial Judge rejected these contentions, however,
 
 *180
 
 reasoning that the adequacy of defendant’s proof concerning its section 83 claim was a question of fact that rested solely within the province of the jury. Accordingly, over counsel’s objections, the Trial Judge instructed the jury that it should exonerate the Transit Authority of all liability for plaintiffs injuries if it found that the subway regulation prohibiting riding between cars was conspicuously posted in the car in which plaintiff was riding and if it further found that plaintiff had been acting in violation of the regulation at the time the accident occurred. Ultimately, the jury returned a verdict in favor of defendant.
 
 [2]
 

 For the reasons discussed below, we conclude that the verdict must be set aside and a new trial granted. Section 83 of the Railroad Law provides a complete defense to a claim of liability directed against a railroad corporation (see
 
 Carpino v Baker,
 
 66 AD2d 201). In order to be eligible to take advantage of this defense, however, the defendant railroad corporation must introduce some evidence tending to substantiate each of the elements set forth in the statute, including the requirement that notice of the regulation in question be conspicuously posted
 
 (Trudell v New York R. T. Corp.,
 
 281 NY 82). In the present case, no such proof was offered on behalf of defendant Transit Authority at trial. The only evidence in the record on this point came from the witness Edwin Weidman, who was the assistant general superintendent for defendant corporation at the time of the trial. Mr. Weidman, who was not employed by the Transit Authority at the time of the accident, was unable to state from personal knowledge whether the passenger car in which plaintiff had been riding contained a conspicuously posted notice prohibiting riding between cars. In fact, Mr. Weidman was able to state only
 
 *181
 
 that it was the current practice of the Transit Authority to post such notices on its subway cars. His testimony was thus irrelevant to the central question whether the requisite notices had been posted on Transit Authority trains at the time the infant plaintiff sustained his injuries.
 

 In the absence of any other evidence tending to show that the required notices were posted, the Trial Judge’s decision to permit the jury to consider defendant’s claim of immunity under section 83 must be regarded as error. Moreover, contrary to defendant Transit Authority’s assertions, the error cannot be considered harmless solely because there were other grounds, apart from section 83, which would have justified the jury’s verdict. To be sure, the trial court properly advised the jury that it should exonerate defendant if it found that the infant plaintiff had been contributorily negligent or had "assumed the risk” of an accident as a consequence of his own carelessness.
 
 [3]
 
 And the court further instructed the jury, without objection by plaintiff, that it could consider a subway regulation which forbade riding "outside * * * of any subway car” (21 NYCRR 1051.10 [c]) in determining whether through carelessness plaintiff had contributed to his own injury. A breach of this regulation, according to the Trial Judge’s charge to the jury would constitute "some evidence” of contributory negligence by plaintiff (see
 
 Trudell v New York R. T. Corp.,
 
 281 NY 82, 86,
 
 supra).
 
 None of these instructions, however, could be considered the equivalent of a direction pursuant to section 83 of the Railroad Law requiring that the defendant railroad operator be exonerated of liability if the jury found that the injured plaintiff had been riding between trains in violation of posted notices prohibiting such conduct. Such an instruction, pursuant to section 83, in effect, removes from the jury the responsibility of determining whether the plaintiff was contributorily negligent as a matter of fact and instead permits it to find contributory negligence per se if the statutory conditions are met. Thus, where the instruction is erroneously given, it cannot be considered "harmless” error merely because there were other correct directions which gave the jury the option of relieving the defendant of liability upon a finding of ordinary contributory negligence on the part of the plaintiff.
 

 
 *182
 
 Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted for a new trial.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order reversed, with costs, and case remitted to Supreme Court, Kings County, for a new trial.
 

 [1]
 

 . In the present appeal, plaintiff also contends that the immunity conferred upon "railroad corporations” under section 83 of the Railroad Law is not available to defendant, a subway operator governed by the provisions of the Rapid Transit Law. We have no occasion to consider this argument, however, since plaintiff failed to raise it in the court of first instance (see CPLR 4110-b; 5501, subd [a], par 3).
 

 [2]
 

 . The verdict initially was set aside by the trial court on the ground that defense counsel’s tactics had prejudiced plaintiff's position and deprived him of a fair trial. The Appellate Division, however, reversed the decision of the trial court and reinstated the verdict after concluding that the trial court had incorrectly assessed defense counsel’s conduct (70 AD2d 926). In the present appeal from the order of the Appellate Division reinstating the unfavorable verdict, plaintiff has abandoned any arguments concerning the conduct of defense counsel and has chosen instead to rely solely upon his contention that the trial court’s instructions to the jury were erroneous. Although this contention was not raised before the Appellate Division, there can be no objection to this court’s consideration of the issue on appeal, since plaintiff did register a timely and specific protest to the trial court’s instruction at the time it was given (Cohen and Karger, Powers of the New York Court of Appeals, p 624, n 1).
 

 [3]
 

 . Since the accident occurred before September 1, 1975, plaintiff’s cause of action was governed by the common law contributory negligence rule.