■ ISAIAH JENKINS, an Infant, by His Mother and Natural Guardian, MARY JENKINS, et al., Appellants, v WESTCHESTER COUNTY et al., Respondents. [717 NYS2d 372] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Rudolph, J.), entered March 24, 2000, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered April 25, 2000, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion is denied, the order entered March 24, 2000, is vacated, and the complaint is reinstated; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

At her examination before trial, the plaintiff Mary Jenkins testified that, shortly after boarding a Liberty Lines bus operated by the defendant Vincent Battista, she was propelled from the front of the bus, head first into the rear stairwell. This evidence raised a triable issue of fact (*see,* CPLR 3212 [b]) as to whether the movement of the bus was "extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of the defendant" (*Urquhart v New York City Tr. Auth.,* 85 NY2d 828, 830). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.