■ Mona Banfield, Respondent, v New York City Transit Authority et al., Appellants. [828 NYS2d 534]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Nelson, J.), dated May 26, 2005, as granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability is denied.

The plaintiff allegedly was injured when the bus in which she was riding made a sudden, sharp turn, causing her to fall from her seat and, after striking a pole, land on the floor of the bus. In order to establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must establish that the movement consisted of a jerk or lurch that was "unusual and violent" (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995], quoting *Trudell v New York R.T. Corp.*, 281 NY 82, 85 [1939]; *Assante v New York City Tr. Auth.*, 22 AD3d 698 [2005]). However, "[p]roof that the stop was unusual or violent must consist of more than a mere characterization of the stop in those terms by the plaintiff" (*Urquhart v New York City Tr. Auth., supra* at 830). Here, in support of her cross motion, the plaintiff submitted her own affidavit and the transcripts of her testimony at the hearing conducted pursuant to General Municipal Law § 50-h and at her deposition. While it is possible that the requisite support for the plaintiff's assertions may be found in the circumstances of the incident or the injuries suffered by the plaintiff (*see Aguila v New York City Tr. Auth.*, 2 AD3d 761 [2003]; *Jenkins v Westchester County*, 278 AD2d 370 [2000]; *Lebreton v New York City Tr. Auth.*, 267 AD2d 211, 212 [1999]), the plaintiff failed to make such a showing here. Further, the plaintiff's medical records were properly excluded from consideration because they were not in admissible form (*see Jajoute v New York City Health & Hosps. Corp.*, 242 AD2d 674, 676 [1997]). The nature of the incident, in which the plaintiff

was merely caused to land on the floor next to her seat, is not, in itself, sufficient to provide the requisite objective support necessary to demonstrate that the stop was "unusual and violent," of a "different class than the jerks and jolts commonly experienced in city bus travel" (*Urquhart v New York City Tr. Auth., supra* at 830). Thus, since the plaintiff failed to establish her entitlement to judgment as a matter of law, her cross motion should have been denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Curley-Concepcion v New York City Tr. Auth.*, 276 AD2d 463 [2000]). Rivera, J.P., Spolzino, Ritter and Angiolillo, JJ., concur.