■ Zhanna Golub et al., Respondents, v New York City Transit Authority, Appellant. [836 NYS2d 197]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated January 9, 2006, which denied its motion for summary judgment dismissing the complaint on the grounds that it was not liable for the accident and that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The plaintiff Zhanna Golub (hereinafter the plaintiff) allegedly sustained personal injuries when the bus in which she was riding made a right turn at a "very very high speed," causing her to fall from her seat and land on the floor of the bus in front of her seat.

To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must establish that the movement consisted of a jerk or lurch that was "unusual and violent" (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995], quoting *Trudell v New York R.T. Corp.*, 281 NY 82, 85 [1939]; *Assante v New York City Tr. Auth.* 22 AD3d 698 [2005]). The nature of the incident, in which the plaintiff, according to the testimony she gave at a hearing pursuant to General Municipal Law § 50-h, was merely caused to land on the floor in front of her seat, is not, in itself, sufficient to provide the objective support necessary to demonstrate that the movement of the bus was "unusual and violent," and of a "different class than the jerks and jolts commonly experienced in city bus travel" (*Urquhart v New York City Tr. Auth, supra* at 830; *Banfield v New York City Tr. Auth.*, 36 AD3d 732 [2007]). Notably, the plaintiff, who testified that she did not own a car, was unable to estimate the speed at which the bus was traveling at the time of the occurrence, and further testified that no other passengers, whether seated or standing, were caused to fall. In opposition to the defendant's establishment, prima facie, of its entitlement to judgment as matter of law on the issue of liability, the plaintiffs failed to raise a triable issue of fact.

In light of the foregoing, we need not consider the defendant's

remaining contention. Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.