■ LINDA D. RAYFORD, Respondent, v COUNTY OF WESTCHESTER et al., Appellants. [873 NYS2d 187]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated November 19, 2007, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly sustained personal injuries when the bus in which she was riding made a jerking motion. The plaintiff testified at her deposition that, as a result of the movement of the bus, she fell from where she had been standing, next to the steps leading to the front door of the vehicle, and landed on the steps, with her legs partially hanging out of the opened front door. She further testified that several days earlier, there had been a significant snowfall in the area where the accident occurred.

To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must establish that the movement consisted of a jerk or lurch that was " 'unusual

or violent' " (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995], quoting *Trudell v New York R.T. Corp.*, 281 NY 82, 85 [1939]; *see Golub v New York City Tr. Auth.*, 40 AD3d 581, 582 [2007]). The nature of the incident, in which the plaintiff, according to her deposition testimony, was merely caused to land on the steps next to where she had been standing, was not, in itself, sufficient to provide the objective support necessary to demonstrate that the movement of the bus was "unusual or violent," and of a "different class than the jerks and jolts commonly experienced in city bus travel" (*Urquhart v New York City Tr. Auth.*, 85 NY2d at 830).

As an additional basis for liability, the plaintiff claims that her accident was proximately caused by the defendants' negligence in allowing an inordinate amount of water to accumulate on the aisle and steps of the bus. However, the evidence submitted by the defendants established that any such failure on their part did not breach a duty owed to the plaintiff, since, under the weather conditions which existed at the time of the accident, it would be unreasonable to expect the defendants to constantly clean the floor of their buses (*see McKenzie v County of Westchester*, 38 AD3d 855, 856 [2007]).

In opposition to the defendants' submissions establishing, prima facie, their entitlement to judgment as matter of law, the plaintiff failed to raise a triable issue of fact with regard to either claim of negligence (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Prudenti, P.J., Dillon, Eng and Leventhal, JJ., concur.