IRMA GUADALUPE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [936 NYS2d 314]—

On June 4, 2008, the plaintiff allegedly was injured when she was a passenger on a bus owned by the defendant New York City Transit Authority (hereinafter the NYCTA). The plaintiff was standing on the bus, as there were no vacant seats. According to the plaintiff, the bus driver applied the brakes suddenly, and she was propelled forward into a pole.

The plaintiff commenced this action to recover damages for personal injuries against the NYCTA and the defendant Jose A. Martinez, who may have been the bus operator. The defendants moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint based, inter alia, on its determination that the plaintiff's testimony was not credible.

" 'The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist' " (*Stukas v Streiter*, 83 AD3d 18, 23 [2011], quoting *Kolivas v Kirchoff*, 14 AD3d 493, 493 [2005]). Here, the Supreme Court improperly made credibility determinations in resolving that branch of the defendants' motion which was for summary judgment dismissing the complaint. Nonetheless, we affirm the Supreme Court's order on different grounds.

"To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must establish that the movement consisted of a jerk or lurch that was unusual or violent" (*Rayford v County of Westchester*, 59 AD3d 508, 508-509 [2009] [internal quotation marks omitted]; *see Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995]; *Trudell v New York R.T. Corp.*, 281 NY 82, 85 [1939]; *Black v County of Dutchess*, 87 AD3d 1097, 1098 [2011]; *Golub v New York City Tr. Auth.*, 40 AD3d 581, 582 [2007]). "[T]he plaintiff's proof 'must consist of more than a mere characterization of the stop in those terms by the plaintiff' " (*Black v County of Dutchess*, 87 AD3d at 1098, quoting *Urquhart v New York City Tr. Auth.*, 85 NY2d at 830). The evidence must establish that the movement of the vehicle was "of a 'different class than the jerks and jolts commonly experienced in city bus travel' " (*Golub v New York City Tr. Auth.*, 40 AD3d at 582, quoting *Urquhart v New York City Tr. Auth*, 85 NY2d at 830; *see Banfield v New York City Tr. Auth.*, 36 AD3d 732, 732-733 [2007]).

In support of their motion, the defendants submitted transcripts of the plaintiff's General Municipal Law § 50-h hearing testimony, as well as her subsequent deposition testimony. The plaintiff's testimony provided the only evidence concerning the manner in which the accident allegedly occurred. The plaintiff testified that, as she was standing on the moving bus, the driver suddenly applied the brakes, causing her to be propelled forward 6 to 10 feet into a pole. However, the plaintiff also testified that, immediately prior to the incident, the bus was traveling at a "moderate" speed, that, as a result of the accident, she did not fall to the floor but rather remained standing, and that she did not see anyone else on the bus move as a result of the bus stopping. Viewing the evidence in the light most favorable to the plaintiff (*see e.g. Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]), we find that the defendants, in support of that branch of their motion which was for summary judgment dismissing the complaint, established, prima facie, that the incident described was not "unusual and violent," and of a "different class than the jerks and jolts commonly experienced in city bus travel" (*Urquhart v New York City Tr. Auth.*, 85 NY2d at 830; *see Rayford v County of Westchester*, 59 AD3d at 508-509; *Golub v New York City Tr. Auth.*, 40 AD3d at 582; *Banfield v New York City Tr. Auth.*, 36 AD3d at 732-733; *compare Black v County of Dutchess*, 87 AD3d at 1098-1099; *Jenkins v Westchester County*, 278 AD2d 370, 370 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, that branch of the defend-

ants' motion which was for summary judgment dismissing the complaint was properly granted.

The plaintiff's remaining contention has been rendered academic in light of our determination. Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.