■ Yazmin Garcia, Respondent, v Sunny Transportation Services et al., Appellants. [953 NYS2d 149]—

"To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must establish that the movement consisted of a jerk or lurch that was 'unusual and violent' " (*Golub v New York City Tr. Auth.*, 40 AD3d 581, 582 [2007], quoting *Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995]; *see Burke v MTA Bus Co.*, 95 AD3d 813

[2012]; *Gioulis v MTA Bus Co.*, 94 AD3d 811, 812 [2012]; *Black v County of Dutchess*, 87 AD3d 1097, 1098 [2011]). Here, in moving for summary judgment on the issue of liability against the defendant Sunny Transportation Services, the plaintiff merely alleged in her affidavit that the defendant driver began to drive away before she was seated, and she failed to establish, prima facie, that the movement of the vehicle was "unusual and violent" (*Urquhart v New York City Tr. Auth.*, 85 NY2d at 830; *see Guadalupe v New York City Tr. Auth.*, 91 AD3d 716 [2012]; *McLeod v County of Westchester*, 38 AD3d 624, 625 [2007]; *Jenkins v Westchester County*, 278 AD2d 370 [2000]). Since the plaintiff failed to meet her initial burden as the movant, the plaintiff's motion for summary judgment should have been denied, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Eng, P.J., Skelos, Lott and Cohen, JJ., concur.