■ RENEE MACDONALD, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [966 NYS2d 477]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Richmond County (Maltese, J.), dated February 27, 2012, which granted the defendants' motion for summary judgment dismissing the complaint, and (2), as limited by her brief, from so much of an order of the same court dated June 1, 2012, as, upon reargument, adhered to its original determination in the order dated February 27, 2012.

Ordered that the appeal from the order dated February 27, 2012, is dismissed, as that order was superseded by the order dated June 1, 2012, made upon reargument; and it is further,

Ordered that the order dated June 1, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when a bus owned by the defendant New York City Transit Authority, in which she was a passenger, suddenly accelerated, causing her to fall.

"To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must establish that the movement consisted of a jerk or lurch that was 'unusual or

violent' " (*Rayford v County of Westchester*, 59 AD3d 508, 508-509 [2009], quoting *Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995] [internal quotation marks omitted]; *see Golub v New York City Tr. Auth.*, 40 AD3d 581, 582 [2007]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting a transcript of the plaintiff's deposition testimony, which demonstrated that the movement of the bus was not "unusual or violent" and of a "different class than the jerks and jolts commonly experienced in city bus travel" (*Urquhart v New York City Tr. Auth.*, 85 NY2d at 830; *see Guadalupe v New York City Tr. Auth.*, 91 AD3d 716, 717 [2012]; *Rayford v County of Westchester*, 59 AD3d at 509; *Golub v New York City Tr. Auth.*, 40 AD3d at 582; *cf. Jenkins v Westchester County*, 278 AD2d 370, 370 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Burke v MTA Bus Co.*, 95 AD3d 813 [2012]; *Guadalupe v New York City Tr. Auth.*, 91 AD3d at 717). Accordingly, the Supreme Court, upon reargument, properly adhered to its original determination granting the defendants' motion for summary judgment dismissing the complaint. Angiolillo, J.P., Hall, Roman and Hinds-Radix, JJ., concur.