■ Consuelo Alandette, Appellant, v New York City Transit Authority et al., Respondents. [8 NYS3d 347]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated April 28, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries shortly after boarding a bus on Utica Avenue, near the corner of Eastern

Parkway, in Brooklyn. While she was walking to the rear of the bus to find a seat, the plaintiff fell backwards when the driver applied the brakes.

To prevail on a cause of action alleging that a common carrier was negligent in stopping a bus, a plaintiff must prove that the stop was unusual and violent, rather than merely one of the sort of "jerks and jolts commonly experienced in city bus travel" (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995]; *see Trudell v New York R.T. Corp.*, 281 NY 82, 85 [1939]; *Black v County of Dutchess*, 87 AD3d 1097, 1098 [2011]). Moreover, a plaintiff may not satisfy that burden of proof merely by characterizing the stop as unusual and violent (*see Urquhart v New York City Tr. Auth.*, 85 NY2d at 829-830; *Burke v MTA Bus Co.*, 95 AD3d 813 [2012]; *Gioulis v MTA Bus Co.*, 94 AD3d 811, 812 [2012]). There must be "objective evidence of the force of the stop sufficient to establish an inference that the stop was extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of defendant" (*Urquhart v New York City Tr. Auth.*, 85 NY2d at 830; *see Golub v New York City Tr. Auth.*, 40 AD3d 581, 582 [2007]; *Banfield v New York City Tr. Auth.*, 36 AD3d 732, 732-733 [2007]). In seeking summary judgment dismissing the complaint, however, common carriers have the burden of establishing, prima facie, that the stop was not unusual and violent (*see Burke v MTA Bus Co.*, 95 AD3d at 813; *Guadalupe v New York City Tr. Auth.*, 91 AD3d 716, 717 [2012]; *Black v County of Dutchess*, 87 AD3d at 1098-1099).

The defendants established their prima facie entitlement to judgment as a matter of law by submitting a transcript of the plaintiff's deposition testimony, which demonstrated that the stop of the bus was not "unusual or violent" or of a "different class than the jerks and jolts commonly experienced in city bus travel" (*Urquhart v New York City Tr. Auth.*, 85 NY2d at 830; *see MacDonald v New York City Tr. Auth.*, 106 AD3d 1057, 1058 [2013]; *Burke v MTA Bus Co.*, 95 AD3d at 813; *Rayford v County of Westchester*, 59 AD3d 508, 509 [2009]; *Golub v New York City Tr. Auth.*, 40 AD3d at 582). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The plaintiff's remaining contentions have been rendered academic by our determination. Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.