■ CARMEN ANDRECA, Appellant, v CASH WORLD TOURS, INC., et al., Respondents. [22 NYS3d 878]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Nahman, J.), entered January 22, 2015, which granted the defendants' motion for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed, with costs.

"To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger when the vehicle comes to a halt, the plaintiff must establish that the stop caused a jerk or lurch that was unusual and violent. Proof that the stop was unusual or violent must consist of more than a mere characterization of the stop in those terms by the plaintiff" (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 829-830 [1995] [internal quotation marks and citation omitted]; *see Gioulis v MTA Bus Co.*, 94 AD3d 811, 812 [2012]; *Guadalupe v New York City Tr. Auth.*, 91 AD3d 716, 717 [2012]; *Black v County of Dutchess*, 87 AD3d 1097, 1098 [2011]; *Golub v New York City Tr. Auth.*, 40 AD3d 581, 582 [2007]). There must be "objective evidence of the force of the stop sufficient to establish an inference that the stop was extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of defendant" (*Urquhart v New York City Tr. Auth.*, 85 NY2d at 830; *see Alandette v New York City Tr. Auth.*, 127 AD3d 896, 897 [2015]; *Burke v MTA Bus Co.*, 95 AD3d 813 [2012]; *Banfield v New York City Tr. Auth.*, 36 AD3d 732, 732-733 [2007]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia,

the deposition testimony of the plaintiff and her daughter, a fellow passenger, which demonstrated that the stop of the bus was not unusual or violent or of a different class than the jerks and jolts commonly experienced in city bus travel (*see Urquhart v New York City Tr. Auth.*, 85 NY2d at 830; *Burke v MTA Bus Co.*, 95 AD3d 813 [2012]; *Guadalupe v New York City Tr. Auth.*, 91 AD3d at 717; *Rayford v County of Westchester*, 59 AD3d 508, 509 [2009]; *Golub v New York City Tr. Auth.*, 40 AD3d at 582; *Banfield v New York City Tr. Auth.*, 36 AD3d at 732-733). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the amended complaint. Eng, P.J., Mastro, Cohen and Miller, JJ., concur.