Norma Benvenuto, Respondent,
against
New York City Transit Authority, Appellant, and "John Doe," Defendant.




Jane Shufer, Esq., for appellant.
Mallilo & Grossman, Esqs. (Mikhail Pinkusovich, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered June 16, 2011. The order denied a motion by defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it.




ORDERED that the order is reversed, without costs, and the motion by defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it is granted.
In this action against New York City Transit Authority (defendant) and "John Doe," plaintiff alleges that she sustained injuries when the operator of a New York City Transit Authority bus that she had just boarded suddenly pulled away from the bus stop. Defendant moved for summary judgment dismissing the complaint on the ground that its bus driver was not negligent as a matter of law. Plaintiff opposed the motion, arguing that issues of fact remain as to whether the bus driver was negligent in suddenly pulling away. The Civil Court denied defendant's motion.
To establish a prima facie case of negligence against a common carrier for injuries [*2]sustained by a passenger as a result of the movement of the vehicle, a plaintiff must establish that the movement consisted of a jerk or lurch that was " extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel' " (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830 [1995], quoting Trudell v New York R.T. Corp., 281 NY 82, 85 [1939]; see also Bethune v MTA Long Is. Bus, 138 AD3d 1052 [2016]; Dowdy v MTA-Long Is. Bus, 123 AD3d 655 [2014]). Proof that a stop was unusual or violent must consist of more than a mere characterization of the stop in those terms by the passenger (see Urquhart v New York City Tr. Auth., 85 NY2d 828; Banfield v New York City Tr. Auth., 36 AD3d 732 [2007]). Here, defendant established its prima facie entitlement to judgment as a matter of law by submitting plaintiff's deposition testimony, which demonstrated that the movement of the bus was not unusual or violent or of a different class than the jerks and jolts commonly experienced in city bus travel (see Alandette v New York City Tr. Auth., 127 AD3d 896, 897 [2015]). In opposition, plaintiff failed to raise a triable issue of fact by submitting objective evidence of the force of the movement of the bus.
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint insofar as asserted against it is granted.
Weston, J.P., Pesce and Aliotta, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 23, 2017