In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Gavrin, J.), entered October 13, 2016, which granted the defendants’ motion for summary judgment dismissing the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 The plaintiff allegedly was injured shortly after she boarded a bus owned and operated by the defendants, when the driver suddenly pulled away from the curb at a “very fast” speed, causing the plaintiff to lose her balance and fall. The plaintiff commenced this action against the defendants, alleging, inter alia, that they were negligent because the driver had pulled out of the bus stop “violently without warning.” After discovery, the defendants moved for summary judgment dismissing the complaint, contending that the plaintiff’s account of the accident and bus camera video footage demonstrated that the movement of the bus was not unusual or violent. The Supreme Court granted the motion, and the plaintiff appeals.
 

 To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must establish that the movement consisted of a jerk or lurch that was “ ‘unusual and violent’ ” (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830 [1995], quoting Trudell v New York R.T. Corp., 281 NY 82, 85 [1939]; see Bethune v MTA Long Is. Bus, 138 AD3d 1052 [2016]; Dowdy v MTA-Long Is. Bus, 123 AD3d 655 [2014]; MacDonald v New York City Tr. Auth., 106 AD3d 1057, 1058 [2013]; Golub v New York City Tr. Auth., 40 AD3d 581, 582 [2007]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting transcripts of the plaintiff’s General Municipal Law § 50-h hearing and deposition testimony, and bus camera video footage of the subject accident, which demonstrated that the movement of the bus was not “unusual or violent” or of a class different from “the jerks and jolts commonly experienced in city bus travel” (Urquhart v New York City Tr. Auth., 85 NY2d at 830; see Dowdy v MTA-Long Is. Bus, 123 AD3d at 655; MacDonald v New York City Tr. Auth., 106 AD3d at 1058; Golub v New York City Tr. Auth., 40 AD3d at 582). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint.
 

 Eng, P.J., Rivera, Roman and Connolly, JJ., concur.