Fuentes v Nassau Inter-County Express (2018 NY Slip Op 07411)





Fuentes v Nassau Inter-County Express


2018 NY Slip Op 07411


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2016-12732
 (Index No. 604044/14)

[*1]Abraham Fuentes, appellant, 
v
Nassau Inter-County Express, etc., et al., respondents.


Munawar & Andrews-Santillo, LLP, New York, NY (Larry I. Badash of counsel), for appellant.
Harris Beach PLLC, Uniondale, NY (William J. Garry and Kadion D. Henry of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), dated November 14, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured shortly after he boarded a bus operated and owned by the defendants when the bus suddenly stopped, causing him to lose his balance and fall. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals.
In order to establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger when the vehicle comes to a stop, the plaintiff must establish that the stop was unusual and violent (see Urquhart v New York City Tr. Auth., 85 NY2d 828, 829-830). "In seeking summary judgment dismissing the complaint, however, common carriers have the burden of establishing, prima facie, that the stop was not unusual and violent" (Alandette v New York City Tr. Auth., 127 AD3d 896, 897).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting the plaintiff's deposition testimony demonstrating that the stop of the bus was not unusual and violent (see Bethune v MTA Long Is. Bus, 138 AD3d 1052; Dowdy v MTA-Long Is. Bus, 123 AD3d 655). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's granting of the defendants' motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court