Mastrantonakis v Metropolitan Transp. Auth. (2019 NY Slip Op 01753)





Mastrantonakis v Metropolitan Transp. Auth.


2019 NY Slip Op 01753


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-06299
 (Index No. 12284/15)

[*1]Marea Mastrantonakis, respondent, 
v
Metropolitan Transportation Authority, et al., appellants, et al., defendant.


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Irwin & Poznanski, LLP, New York, NY (Andrew V. Poznanski and Jillian Rosen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Metropolitan Transportation Authority, MTA Bus Company, and New York City Transit Authority appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated February 23, 2018. The order denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendants Metropolitan Transportation Authority, MTA Bus Company, and New York City Transit Authority which was for summary judgment dismissing the complaint insofar as asserted against them is granted.
The plaintiff allegedly was injured when she fell out of her seat while she was aboard a bus. She testified at her hearing pursuant to General Municipal Law § 50-h that the bus allegedly made a sharp right turn which caused her to fall out of her seat "right" onto the floor. The plaintiff commenced this personal injury action against the defendants, Metropolitan Transportation Authority, MTA Bus Company, New York City Transit Authority, and "John Doe," the owners and operator of the bus, alleging that they were negligent in, among other things, the ownership and operation of the subject bus. After joinder of issue, the defendants Metropolitan Transportation Authority, MTA Bus Company, and New York City Transit Authority (hereinafter collectively the appellants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the movement that caused the plaintiff to fall was not unusual or violent and was not of a different class than the jerks and jolts commonly experienced in city bus travel. The Supreme Court denied the motion.
To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must establish that the movement consisted of a jerk or lurch that was " unusual and violent"' (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830, quoting Trudell v New York R.T. Corp., 281 NY 82, 85; see [*2]Bethune v MTA Long Is. Bus, 138 AD3d 1052, 1052; Dowdy v MTA-Long Is. Bus, 123 AD3d 655; MacDonald v New York City Tr. Auth., 106 AD3d 1057; Rayford v County of Westchester, 59 AD3d 508, 509; Golub v New York City Tr. Auth., 40 AD3d 581, 582). Moreover, a plaintiff may not satisfy that burden of proof merely by characterizing the stop as unusual and violent (see Urquhart v New York City Tr. Auth., 85 NY2d at 829-830; Bethune v MTA Long Is. Bus, 138 AD3d at 1052; Lowhar-Lewis v Metropolitan Transp. Auth., 97 AD3d 728, 728-729; Burke v MTA Bus Co., 95 AD3d 813; Gioulis v MTA Bus Co., 94 AD3d 811, 812). There must be "objective evidence of the force of the stop sufficient to establish an inference that the stop was extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of defendant" (Urquhart v New York City Tr. Auth., 85 NY2d at 830; see Andreca v Cash World Tours, Inc., 135 AD3d 675, 675; Golub v New York City Tr. Auth., 40 AD3d at 582; Banfield v New York City Tr. Auth., 36 AD3d 732, 732-733). In seeking summary judgment dismissing the complaint, however, common carriers have the burden of establishing, prima facie, that the movement of the vehicle was not unusual and violent (see Burke v MTA Bus Co., 95 AD3d at 813; Guadalupe v New York City Tr. Auth., 91 AD3d 716, 717; Black v County of Dutchess, 87 AD3d 1097, 1098-1099).
Here, viewing the evidence in the light most favorable to the plaintiff, the appellants established their prima facie entitlement to judgment as a matter of law. The appellants demonstrated, via copies of the transcripts of the plaintiff's General Municipal Law § 50-h hearing testimony and her deposition, that the movement of the bus was not "unusual or violent" or of a "different class than the jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d at 830; see e.g. Alandette v New York City Tr. Auth., 127 AD3d 896; Gioulis v MTA Bus Co., 94 AD3d at 811; Rayford v County of Westchester, 59 AD3d at 509; Golub v New York City Tr. Auth., 40 AD3d at 582; Banfield v New York City Tr. Auth., 36 AD3d at 732). The nature of the incident, in which the plaintiff, according to the testimony she gave at her hearing pursuant to General Municipal Law § 50-h and at her deposition, was that she was merely caused to land on the floor within one foot of where she was seated. This is not, in itself, sufficient to provide the objective support necessary to demonstrate that the movement of the bus was unusual and violent, and of a different class than the jerks and jolts commonly experienced in city bus travel (see Golub v New York City Tr. Auth., 40 AD3d at 582; Banfield v New York City Tr. Auth., 36 AD3d at 732-733).
The evidence submitted in opposition, which included, inter alia, the plaintiff's affidavit, failed to raise a triable issue of fact in this regard. The plaintiff's affidavit, which alleged for the first time that she had been sitting next to the window of a double seat and that the sharp right turn of the bus caused her to travel all the way across the empty aisle seat and then onto the floor, raised what appears to be a feigned issue of fact which was designed to avoid the consequences of her earlier testimony given at the General Municipal Law § 50-h hearing and deposition as to how the subject accident occurred (see Meriweather v Green W. 57th St., LLC, 156 AD3d 875, 876; Barron v Eastern Athletic, Inc., 150 AD3d 654, 656).
Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them.
LEVENTHAL, J.P., AUSTIN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court