Petrie v Golden Touch Transp. of NY, Inc. (2019 NY Slip Op 04431)





Petrie v Golden Touch Transp. of NY, Inc.


2019 NY Slip Op 04431


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-01691
 (Index No. 705435/14)

[*1]Jack Petrie, respondent, 
v
Golden Touch Transportation of NY, Inc., appellant, et al., defendant.


Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Nicholas P. Hurzeler and Kimberly S. Edmonds of counsel), for appellant.
Silbowitz, Garafola, Silbowitz, Schatz & Frederick, LLP, New York, NY (David Aminov and Jill Savedoff of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Golden Touch Transportation of NY, Inc., appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered January 13, 2017. The order granted the plaintiff's motion to compel certain discovery, and denied that branch of that defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not liable for the plaintiff's injuries.
ORDERED that the order is reversed, on the law, with costs, that branch of the cross motion of the defendant Golden Touch Transportation of NY, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not liable for the plaintiff's injuries is granted, and the plaintiff's motion to compel certain discovery is denied as academic.
The plaintiff allegedly sustained injuries while riding as a passenger in a van owned by the defendant Golden Touch Transportation of NY, Inc. (hereinafter the defendant). The plaintiff subsequently commenced this action to recover damages for personal injuries. The plaintiff moved to compel certain discovery, and the defendant cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not liable for the plaintiff's injuries. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion.
"To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must establish that the movement consisted of a jerk or lurch that was unusual [and] violent" (Rayford v County of Westchester, 59 AD3d 508, 508-509 [internal quotation marks omitted]). There must be evidence that the movement of the vehicle was "of a different class than the jerks and jolts commonly experienced in city bus travel,'" and, therefore, attributable to the negligence of defendant (Golub v New York City Tr. Auth., 40 AD3d 581, 582, quoting Urquhart v New York City Tr. Auth., 85 NY2d 828, 830; see Alandette v New York City Tr. Auth., 127 AD3d 896, 897).
Here, the defendant established its prima facie entitlement to judgment as a matter of law through its submission of the deposition testimony of the plaintiff, who testified that the van in which he was a passenger was constantly jostled up and down, and that when the van hit one of the expansion joints in the highway, he heard something in his neck snap. The plaintiff admitted that his body was not physically moving up and down, and that the bumps and jolts of the van were only putting pressure on his lower back. Thus, the evidence established that the movement of the van at issue was not unusual and violent (see Guadalupe v New York City Tr. Auth., 91 AD3d 716, 717; Golub v New York City Tr. Auth., 40 AD3d at 582; cf. Black v County of Dutchess, 87 AD3d 1097, 1098). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not liable for the plaintiff's injuries, and should have denied the plaintiff's motion to compel certain discovery as academic.
In light of our determination, the defendant's remaining contentions have been rendered academic.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court