Mayorga v Nassau Inter-County Express (Nice) Bus (2019 NY Slip Op 09259)





Mayorga v Nassau Inter-County Express (Nice) Bus


2019 NY Slip Op 09259


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-06155
 (Index No. 1960/16)

[*1]Graciela Mayorga, appellant, 
v
Nassau Inter-County Express (Nice) Bus, et al., respondents.


Robert F. Danzi, Jericho, NY (Christine Coscia of counsel), for appellant.
Harris Beach PLLC, Uniondale, NY (William J. Garry and Sandy Milord of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered March 12, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross motion for a unified trial on the issues of liability and damages.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained while a passenger on a bus owned and operated by the defendants. While she was standing near the front of the bus in anticipation of getting off at the next stop, the plaintiff fell forward and landed on her back next to the driver after the driver applied the brakes. By order entered March 12, 2018, the Supreme Court granted the defendants' motion for summary judgment dismissing the complaint and denied, as academic, the plaintiff's cross motion for a unified trial on the issues of liability and damages. The plaintiff appeals.
"To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger when the vehicle comes to a halt, the plaintiff must establish that the stop caused a jerk or lurch that was unusual and violent'" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 829-830; see Cui Fang Li v New York City Tr., 155 AD3d 938, 939; Bethune v MTA Long Is. Bus, 138 AD3d 1052; Dowdy v MTA-Long Is. Bus, 123 AD3d 655). However, " [a] plaintiff may not satisfy that burden of proof merely by characterizing the stop as unusual and violent'" (Bethune v MTA Long Is. Bus, 138 AD3d at 1052, quoting Lowhar-Lewis v Metropolitan Transp. Auth., 97 AD3d 728, 728-729). The evidence must objectively demonstrate that the force of the stop was unusual and violent and different from "the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of defendant" (Urquhart v New York City Tr. Auth., 85 NY2d at 830). In seeking summary judgment dismissing a complaint, however, a common carrier has the burden of establishing, prima facie, that the stop was not unusual and violent (see Alandette v New York City Tr. Auth., 127 AD3d 896, 897; Burke v MTA Bus Co., 95 AD3d 813; Guadalupe v New York City Tr. Auth., 91 AD3d 716, 717).
Here, the defendants established their prima facie entitlement to judgment as a matter [*2]of law by submitting the transcripts of the plaintiff's hearing pursuant to General Municipal Law § 50-h and deposition testimony, as well as the transcript of the driver's deposition testimony and his sworn affidavit, which demonstrated that the stop of the bus was not "unusual or violent" or of a "different class than the jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d at 830; see Alandette v New York City Tr. Auth., 127 AD3d at 897; Dowdy v MTA Long Is. Bus, 123 AD3d at 655; Rayford v County of Westchester, 59 AD3d 508; Harwin v Metropolitan Transp. Auth., 45 AD3d 488; Banfield v New York City Tr. Auth., 36 AD3d 732). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint and denying, as academic, the plaintiff's cross motion for a unified trial on the issues of liability and damages.
MASTRO, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court