■ CHARLOTTE HARWIN et al., Appellants, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Respondents. [847 NYS2d 35]—

Order, Supreme Court, New York County (Nicholas Figueroa, J.), entered October 25, 2006, which granted defendants' motion to set aside the jury verdict in plaintiff's favor and dismissed the complaint, unanimously affirmed, without costs.

The court properly set aside the verdict and dismissed the complaint on the basis that plaintiff failed to establish a prima facie case of negligence against defendants in this matter, where plaintiff was injured when she was caused to fall when the subway car that she had just boarded departed the station in an allegedly sudden manner. Plaintiff's description of the incident at trial and the nature of her injuries were not sufficient to satisfy her requirement of showing that the train's departure from the station "caused a jerk or lurch that was 'unusual and violent'" (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995], quoting *Trudell v New York R.T. Corp.*, 281 NY 82, 85 [1939]). Rather, the record evidence demonstrates that plaintiff did not observe any other passenger fall, no other person is known to have complained about the movement of the subway car at the time of her fall, and plaintiff, who fell forward rather than backward, did not fall a significant distance (*see Golub v New York City Tr. Auth.*, 40 AD3d 581, 582 [2007]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Lippman, P.J., Nardelli, Buckley, Gonzalez and Sweeny, JJ.