■ ELISA COHEN et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [941 NYS2d 590]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered November 1, 2010, which denied the motion of defendants New York City Transit Authority and Metropolitan Transportation Authority for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff Elisa Cohen claims that she fell and injured herself when the subway car that she had just boarded departed the station in an allegedly sudden manner. Defendants moved for summary judgment, arguing that plaintiff failed to demonstrate that the train jerked or lurched in an "unusual and violent" manner (*Harwin v Metropolitan Transp. Auth.*, 45 AD3d 488, 489 [2007]). Defendants established their entitlement to judgment as a matter of law by demonstrating that plaintiff specifically declined to testify that the train's movement was "violent." Even assuming plaintiff's testimony was otherwise sufficient, her mere characterizations of the manner in which the train jolted are insufficient absent objective proof, such as testimony that other passengers also fell (*see e.g. Harwin*, 45 AD3d at 489; *Fonseca v Manhattan & Bronx Surface Tr. Operating Auth.*, 14 AD3d 397 [2005]). In opposing the motion, plaintiff offered no objective proof to raise an issue of fact.

Further, plaintiffs' attempt to impose liability based upon defendants' alleged failure to warn of a wet condition lacks merit. The condition was not only readily observable, but the rainstorm that caused it was ongoing (*Morazzani v MTA N.Y. City Tr.*, 67 AD3d 598 [2009]; *Duncan v New York City Tr. Auth.*, 260 AD2d 213 [1999]). In addition, we note that according to plaintiff's own testimony, she was fully aware of the condition and did not believe that it caused her fall. Concur—Gonzalez, P.J., Tom, Catterson, Renwick and Richter, JJ.