■ TERESA PATTERSON, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [55 NYS3d 43]—

Order, Supreme Court, Bronx County (Barry Salman, J.), entered January 4, 2017, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established their entitlement to judgment as a matter of law, in this action where plaintiff alleges that she was injured when a white truck crossed near the bus on which she was riding, the bus driver braked, and the alleged stop caused her arm to twist and hit the pole that she was holding on to as she stood on the bus. Defendants submitted evidence showing that the bus was just pulling out of the bus lane when the alleged stop occurred due to traffic, and there was nothing extraordinary or violent about the stop under the circumstances.

In opposition, plaintiff failed to raise a triable issue of fact. The bus driver's deposition testimony submitted by plaintiff established that the bus was traveling at three to five miles per hour, and the bus driver applied the brakes when a white truck suddenly made a turn in front of the bus. In response, plaintiff failed to provide "objective evidence of the force of the stop sufficient to establish an inference that the stop was extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of defendant" (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995]; *see Pfleshinger v Metropolitan Transp. Auth.*, 137 AD3d 516 [1st Dept 2016]). Plaintiff's affidavit, which contradicted her section 50-h hearing testimony, created a feigned issue of fact, by

asserting that the bus failed to yield to the white truck (*see Mermelstein v East Winds Co.*, 136 AD3d 505 [1st Dept 2016]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Acosta, P.J., Renwick, Richter, Feinman and Webber, JJ.