Atterbury v Metropolitan Transp. Auth. (2020 NY Slip Op 00908)





Atterbury v Metropolitan Transp. Auth.


2020 NY Slip Op 00908


Decided on February 6, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2020

Acosta, P.J., Richter, Kapnick, Mazzarelli, Moulton, JJ.


10960 160506/17

[*1] Bobby Atterbury, Plaintiff-Respondent,
v
Metropolitan Transportation Authority, et al., Defendants-Appellants.


Lawrence Heisler, Brooklyn (Harriet Wong of counsel), for appellants.
Siler & Ingber, LLP, Mineola (Jeffrey P. Miller of counsel), for respondent.



Order, Supreme Court, New York County (Lisa A. Sokoloff, J.), entered October 25, 2018, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff testified at his 50-h hearing that, after boarding a bus, he started to sit and reached for a strap to steady himself, when the bus "jerked" as it pulled out of the station causing him to fall. In support of their motion, defendants submitted the bus driver's affidavit and video of the interior of the bus, which shows that the bus was pulling smoothly out of the bus stop and had reached a speed of 3 miles per hour, when plaintiff fell forward as he was sitting.
In opposition, plaintiff failed to raise an issue of fact since he provided no "objective evidence" that the jerk of the bus that he felt "was extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of defendant" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830 [1995]; see Patterson v New York City Tr. Auth., 151 AD3d 519 [1st Dept 2017]; Pfleshinger v Metropolitan Transp. Auth., 137 AD3d 516 [1st Dept 2016]; Cohen v City of New York, 94 AD3d 450 [1st Dept 2012]). Proof that the jerk was unusual or violent must consist of more than a "mere characterization of the stop in those terms by the plaintiff" (Urquhart, at 830).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2020
CLERK