■ JOSEPHINE DELGIUDICE, Appellant, v METROPOLITAN TRANSPORTATION AUTHORITY, Defendant, and LONG ISLAND RAIL ROAD, Respondent. [829 NYS2d 149]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated June 28, 2005, which granted the motion of the defendant Long Island Rail Road for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when the double-decker train on which she was a passenger "jerked," causing her to fall down several steps as she was descending from the upper level to the lower level. "To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger when the vehicle comes to a halt, the plaintiff must establish that the stop caused a jerk or lurch that was unusual and violent" (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 829-830 [1995]). At her deposition, the plaintiff characterized the movement of the train that allegedly caused her to fall as a "jerk," but testified further that such movement was not an unusual occurrence. On this basis, the defendant Long Island Rail Road established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it (*see Curley-Concepcion v New York City Tr. Auth.*, 276

AD2d 463 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact. Spolzino, J.P., Ritter, Lunn and Angiolillo, JJ., concur.