■ BERYL McLEOD, Appellant, v COUNTY OF WESTCHESTER et al., Respondents. [831 NYS2d 550]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Colabella, J.), entered September 28, 2005, which, upon an order of the same court entered September 21, 2005 granting the defendants' motion for summary judgment, is in favor of the defendants and against her, dismissing the complaint. The notice of appeal from the order entered September 21, 2005 is deemed to be a notice of appeal from the judgment entered September 28, 2005 (see CPLR 5512 [a]).

Ordered that the judgment is affirmed, with costs.

The plaintiff fell while on a bus as it pulled away from the stop where she boarded it . She alleged that the defendants were negligent because the operator of the bus pulled away from the stop before she sat down. However, the plaintiff has acknowledged that her claim is not premised on the bus making "a sudden jerk" and that there were no "sudden, unusual and violent jerks, lurches or stops by the bus" in this case.

Contrary to the plaintiff's contention, the defendants established their entitlement to judgment as a matter of law by demonstrating that the plaintiff was afforded a reasonable opportunity to safely board the bus. The operator of the bus was not required to wait until the plaintiff found a seat before proceeding, and absent any claim that the operation of the bus was "extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel" (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995]), the plaintiff failed to raise a triable issue of fact in opposition to the motion (see e.g. *Delgiudice v Metropolitan Transp. Auth.*, 36 AD3d 649 [2007]; *Curley-Concepcion v New York City Tr. Auth.*, 276 AD2d 463 [2000]). Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.