Mezarina v City of New York (2020 NY Slip Op 02065)





Mezarina v City of New York


2020 NY Slip Op 02065


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-14238
 (Index No. 6931/16)

[*1]Deogracia Mezarina, appellant, 
v
City of New York, et al., respondents, et al., defendant.


Helen F. Dalton & Associates, P.C., Kew Gardens, NY (Stephen J. Riegel, Roman Avshalumov, and Christopher J. Soverow of counsel), for appellant.
Zaklukiewicz, Puzo & Morrissey LLP, Islip Terrace, NY (Judith S. Pluviose of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered July 16, 2018. The order granted the motion of the defendants City of New York, MTA Bus Company, MTA-New York City Transit Authority, and MTA-Metropolitan Transit Authority for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On July 13, 2015, the plaintiff, a passenger on a municipal bus, allegedly fell to the floor of the bus after the bus driver accelerated and then decelerated. The plaintiff subsequently commenced this action against the defendants City of New York, MTA Bus Company, MTA-New York City Transit Authority, and MTA-Metropolitan Transit Authority (hereinafter collectively the Transit defendants), and another defendant, to recover damages for personal injuries, alleging that they were negligent in, among other things, the ownership and operation of the subject bus. The Transit defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the movements of the bus that allegedly caused the plaintiff to fall were neither unusual nor violent. The Supreme Court granted the motion, and the plaintiff appeals.
"To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must establish that the movement consisted of a jerk or lurch that was unusual [and] violent" (Rayford v County of Westchester, 59 AD3d 508, 508-509 [internal quotation marks omitted]; see Petrie v Golden Touch Transp. of NY, Inc., 173 AD3d 787, 788). There must be evidence that the movement of the vehicle was "of a different class than the jerks and jolts commonly experienced in city bus travel'" and, therefore, attributable to the negligence of defendant (Golub v New York City Tr. Auth., 40 AD3d 581, 582, quoting Urquhart v New York City Tr. Auth., 85 NY2d 828, 830; see Petrie v Golden Touch Transp. of NY, Inc., 173 AD3d at 788).
Here, viewing the evidence in the light most favorable to the plaintiff, the Transit defendants established their prima facie entitlement to judgment as a matter of law by submitting [*2]the transcripts of the plaintiff's hearing pursuant to General Municipal Law § 50-h and deposition testimony, which demonstrated that the movement of the bus that caused her to fall was not "unusual or violent" or of a "different class than the jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d at 830; see Alandette v New York City Tr. Auth., 127 AD3d 896, 897; Gioulis v MTA Bus Co., 94 AD3d 811; Rayford v County of Westchester, 59 AD3d at 509; Golub v New York City Tr. Auth., 40 AD3d at 582; Banfield v New York City Tr. Auth., 36 AD3d 732). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting the Transit defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court