Sang Goo Park v New York City Tr. Auth. (2021 NY Slip Op 02434)





Sang Goo Park v New York City Tr. Auth.


2021 NY Slip Op 02434


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
HECTOR D. LASALLE
BETSY BARROS
PAUL WOOTEN, JJ.


2020-02417
 (Index No. 705651/16)

[*1]Sang Goo Park, respondent, 
v
New York City Transit Authority, appellant, et al., defendant.


Lawrence Heisler, Brooklyn, NY (Harriet Wong of counsel), for appellant.
Andrew Park, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Queens County (Joseph J. Risi, J.), entered November 21, 2019. The order denied that defendant's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff, a passenger on a bus, allegedly sustained personal injuries when the bus suddenly accelerated and caused her to fall. The plaintiff commenced this action to recover damages for personal injuries against the defendant New York City Transit Authority (hereinafter Transit Authority) and another defendant. The Supreme Court denied the Transit Authority's motion for summary judgment dismissing the amended complaint insofar as asserted against it. The Transit Authority appeals.
In seeking summary judgment dismissing a complaint that alleges injuries to a plaintiff arising out of a fall on a bus, a common carrier has the burden of establishing, prima facie, that the movement that caused the fall was not unusual and violent (see Giordano v New York City Tr. Auth., 171 AD3d 876, 876; see also Mayorga v Nassau Inter-County Express [Nice] Bus, 178 AD3d 1030, 1031).
Here, the Supreme Court properly determined that the Transit Authority failed to establish, prima facie, that the movement of the bus was not unusual and violent. In support of the motion, the Transit Authority relied upon the plaintiff's deposition testimony that the bus suddenly accelerated just as she entered the bus. The plaintiff testified that the sudden movement of the bus caused her shoulder, neck, lower back, and arm to strike a pole. She ultimately fell down over another passenger, and her body made contact with the seat. Contrary to the Transit Authority's contention, such testimony did not eliminate triable issues of fact as to whether the movement of the bus was unusual and violent (see Brown v New York City Tr. Auth., 174 AD3d 775, 776; Giordano v New York City Tr. Auth., 171 AD3d at 876-877; Gani v New York City Tr. Auth., 159 AD3d 673, 674).
Since the Transit Authority did not sustain its prima facie burden, it is unnecessary to determine whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the Transit Authority's motion for summary judgment dismissing the amended complaint insofar as asserted against it.
AUSTIN, J.P., LASALLE, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court