Tomaszycki v New York City Tr. Auth. (2021 NY Slip Op 03208)





Tomaszycki v New York City Tr. Auth.


2021 NY Slip Op 03208


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2020-03264
 (Index No. 713044/18)

[*1]Wieslawa Tomaszycki, respondent, 
v
New York City Transit Authority, appellant, et al., defendant.


Lawrence Heisler, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellant.
The Dearie Law Firm, P.C. (Heitz Legal, P.C., New York, NY [Dana E. Heitz], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Queens County (Joseph J. Risi, J.), dated February 19, 2020. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it is granted.
On March 30, 2018, the plaintiff, a passenger on a bus owned by the defendant New York City Transit Authority (hereinafter the NYCTA), allegedly sustained personal injuries when the bus, which had been stopped, suddenly accelerated. The plaintiff commenced this action against the NYCTA and another defendant. The NYCTA moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the movement of the bus that allegedly caused the plaintiff to fall was neither unusual nor violent. The Supreme Court denied the motion, and the NYCTA appeals.
To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must demonstrate that the movement was unusual and violent, rather than merely one of the sort of "jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830; see Mezarina v City of New York, 181 AD3d 906, 907). Moreover, a plaintiff may not satisfy that burden of proof merely by characterizing the stop as unusual and violent (see Urquhart v New York City Tr. Auth., 85 NY2d at 830; Golub v New York City Tr. Auth., 40 AD3d 581, 582). However, in seeking summary judgment dismissing such a cause of action, common carriers have the burden of establishing, prima facie, that the stop was not unusual and violent (see Mayorga v Nassau Inter-County Express [Nice] Bus, 178 AD3d 1030, 1031).
Here, the NYCTA established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting a transcript of the plaintiff's [*2]deposition testimony, which demonstrated that the movement of the bus was not "unusual or violent" or of a "different class than the jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d at 830; see Mayorga v Nassau Inter-County Express [Nice] Bus, 178 AD3d at 1031; Dowdy v MTA-Long Is. Bus, 123 AD3d 655; Rayford v County of Westchester, 59 AD3d 508). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the NYCTA's motion for summary judgment dismissing the complaint insofar as asserted against it.
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court