Gordon v New York City Tr. Auth. (2022 NY Slip Op 04155)

Gordon v New York City Tr. Auth.

2022 NY Slip Op 04155

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SHERI S. ROMAN
LINDA CHRISTOPHER
DEBORAH A. DOWLING, JJ.

2019-14160
 (Index No. 518483/16)

[*1]Judith Gordon, appellant,
v
New York City Transit Authority, et al., respondents.

David J. Hernandez, Brooklyn, NY, for appellant.
Anna J. Ervolina, Brooklyn, NY (Harriet Wong of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated October 21, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action after she allegedly was injured when she fell while in the aisle of a bus owned by the defendant New York City Transit Authority. The defendants moved for summary judgment dismissing the complaint on the ground that the movement of the bus that allegedly caused the plaintiff to fall was neither unusual nor violent. The Supreme Court granted the motion, and the plaintiff appeals.
To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must demonstrate that the movement was unusual and violent, rather than merely one of the sort of "jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830; see Tomaszycki v New York City Tr. Auth., 194 AD3d 977, 978; Mezarina v City of New York, 181 AD3d 906, 907). Moreover, a plaintiff may not satisfy that burden of proof by merely characterizing the actions of the bus as unusual and violent (see Urquhart v New York City Tr. Auth., 85 NY2d at 830; Golub v New York City Tr. Auth., 40 AD3d 581, 582). In seeking summary judgment dismissing the complaint, however, common carriers have the burden of establishing, prima facie, that the movement of the bus was not unusual and violent (see Tomaszycki v New York City Tr. Auth., 194 AD3d at 978; Mayorga v Nassau Inter-County Express [Nice] Bus, 178 AD3d 1030, 1031).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting a transcript of the plaintiff's deposition testimony, which demonstrated that the movement of the bus was not "unusual or violent" or of a "different class than the jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d at 830 [internal quotation marks omitted]; see Mayorga v Nassau Inter-County Express [Nice] Bus, 178 AD3d at 1031; Golub v New York City Tr. Auth., 40 AD3d at 582). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' [*2]motion for summary judgment dismissing the complaint.
In light of the foregoing, we need not consider the defendants' remaining contention.
LASALLE, P.J., ROMAN, CHRISTOPHER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court