Perez v Doe (2022 NY Slip Op 06731)

Perez v Doe

2022 NY Slip Op 06731

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-03690
 (Index No. 608176/18)

[*1]Tamara Perez, appellant, 
v
John Doe, etc., defendant, County of Nassau, et al., respondents.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn, Liss M. Mendez, and Nicholas Bruno], of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Meredith Drucker Nolen and Meredith Ross Friedler of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated April 30, 2020. The order granted the motion of the defendants County of Nassau, Nassau Inter-County Express, and Transdev Services, Inc., for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she was a passenger on a bus owned by the defendants County of Nassau, Nassau Inter-County Express, and Transdev Services, Inc. (hereinafter collectively the defendants), among others. The plaintiff testified at her hearing pursuant to General Municipal Law § 50-h that she fell shortly after boarding the bus. She testified that, as the bus pulled away from the curb, "[i]t was like a jerk," and she "fell into a split" position. The plaintiff was unable to estimate the speed at which the bus was traveling at the time of the occurrence. The bus driver testified at his deposition that the plaintiff boarded the bus, paid the fare, and started walking toward the back of the bus. The driver testified that he merged slowly into traffic as the plaintiff walked toward the back of the bus, and that he was operating the bus at about 5 miles per hour when the plaintiff fell.
The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated April 30, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must establish that the movement consisted of a jerk or lurch that was 'unusual and violent'" (Golub v New York City Tr. Auth., 40 AD3d 581, 582, quoting Urquhart v New York City Tr. Auth., 85 NY2d 828, 830; see Mastrantonakis v Metropolitan Transp. Auth., 170 AD3d 823, 824; Rayford v County of Westchester, 59 AD3d 508). Moreover, a plaintiff may not satisfy that burden of proof merely by characterizing the movement as unusual and violent (see Urquhart v New York City Tr. Auth., 85 NY2d at 830; Mastrantonakis v Metro. Transportation Auth., 170 AD3d at 824). In seeking [*2]summary judgment dismissing the complaint, however, a common carrier has the burden of establishing, prima facie, that the movement of the vehicle was not unusual and violent (see Sang Goo Park v New York City Tr. Auth., 193 AD3d 1005; Mastrantonakis v Metropolitan Transp. Auth., 170 AD3d at 825).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, among other things, transcripts of the plaintiff's testimony at her hearing pursuant to General Municipal Law § 50-h, the deposition testimony of the bus driver, and bus camera video footage of the subject incident, which demonstrated that the movement of the bus was not "unusual or violent" or of a class different from "the jerks and jolts commonly experienced in . . . bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d at 830; see Cui Fang Li v New York City Tr., 155 AD3d 938, 939; Dowdy v MTA-Long Is. Bus, 123 AD3d 655; MacDonald v New York City Tr. Auth., 106 AD3d 1057, 1058). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court