Jimenez v New York City Tr. Auth. (2023 NY Slip Op 05597)

Jimenez v New York City Tr. Auth.

2023 NY Slip Op 05597

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-05826
 (Index No. 714450/16)

[*1]Josefina Jimenez, respondent, 
v
New York City Transit Authority, et al., appellants.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellants.
Nicholas Rose, PLLC (Law Firm of Vaughn, Weber & Prakope, PLLC, Mineola, NY [John A. Weber IV], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Joseph Risi, J.), dated June 30, 2022. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants New York City Transit Authority, MTA Bus Company, and Barbara Washington Smith.
ORDERED that the appeal by the defendant Metropolitan Transportation Authority is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is reversed insofar as appealed from by the defendants New York City Transit Authority, MTA Bus Company, and Barbara Washington, on the law, and those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants New York City Transit Authority, MTA Bus Company, and Barbara Washington Smith are granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants New York City Transit Authority, MTA Bus Company, and Barbara Washington Smith.
The plaintiff commenced this action to recover damages for injuries she allegedly sustained when she fell while on a bus allegedly owned by the defendants New York City Transit Authority, MTA Bus Company, and Metropolitan Transportation Authority. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the movement of the bus that allegedly caused the plaintiff to fall was neither unusual nor violent. The Supreme Court, among other things, denied those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants New York City Transit Authority and MTA Bus Company, and the defendant Barbara Washington Smith, the operator of the bus (hereinafter collectively the defendants). The defendants appeal.
"To establish a prima facie case of negligence against a common carrier for injuries [*2]sustained by a passenger as a result of the movement of the vehicle, the plaintiff must establish that the movement consisted of a jerk or lurch that was 'unusual and violent'" (Golub v New York City Tr. Auth., 40 AD3d 581, 582, quoting Urquhart v New York City Tr. Auth., 85 NY2d 828, 830; see Tomaszycki v New York City Tr. Auth, 194 AD3d 977, 978). "[A] plaintiff may not satisfy that burden of proof by merely characterizing the actions of the bus as unusual and violent" (Gordon v New York City Tr. Auth., 206 AD3d 977, 977-978; see Urquhart v New York City Tr. Auth., 85 NY2d at 830; Mastrantonakis v Metropolitan Transp. Auth., 170 AD3d 823, 824). "In seeking summary judgment dismissing the complaint, however, common carriers have the burden of establishing, prima facie, that the movement of the bus was not unusual and violent" (Gordon v New York City Tr. Auth., 206 AD3d at 978; see Perez v Doe, 210 AD3d 1028, 1029; Orji v MTA Bus Co., 204 AD3d 1027, 1028).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, a transcript of the plaintiff's testimony at a statutory hearing pursuant to General Municipal Law § 50-h and the bus camera video footage of the subject incident, which demonstrated that the movement of the bus was not "unusual or violent" or of a class different from "the jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d at 830; see Perez v Doe, 210 AD3d at 1029; Gordon v New York City Tr. Auth., 206 AD3d at 977-978; Cui Fang Li v New York City Tr., 155 AD3d 938). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against them.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court