Magloire v MTA Bus Co. (2023 NY Slip Op 06733)

Magloire v MTA Bus Co.

2023 NY Slip Op 06733

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2022-06876
 (Index No. 711439/19)

[*1]Ghislaine Magloire, appellant, 
v
MTA Bus Company, et al., respondents, et al., defendant.

Mallilo & Grossman, Flushing, NY (John S. Manessis of counsel), for appellant.
Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Sally E. Unger, J.), dated August 3, 2022. The order granted the motion of the defendants MTA Bus Company and Metropolitan Transportation Authority for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries, alleging that she was injured when she fell while aboard a bus owned by the defendants MTA Bus Company and Metropolitan Transportation Authority (hereinafter together the defendants). The plaintiff asserts that she fell after she had boarded the bus, while she was attempting to pay the fare, and the bus suddenly began to move. The defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them on the ground that the movement of the bus that caused the plaintiff to fall was neither unusual nor violent. The Supreme Court granted the motion. The plaintiff appeals.
To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must demonstrate that the movement was unusual and violent, rather than merely one of the sort of "jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830; see Perez v Doe, 210 AD3d 1028, 1029; Tomaszycki v New York City Tr. Auth., 194 AD3d 977, 978). Objective evidence of the force of the movement is needed, and the plaintiff's mere characterization of the movement as unusual and violent is insufficient (see Urquhart v New York City Tr. Auth., 85 NY2d at 830; Perez v Doe, 210 AD3d at 1029; Golub v New York City Tr. Auth., 40 AD3d 581, 582). In seeking summary judgment in its favor, a common carrier has the burden of establishing, prima facie, that the movement of its vehicle was not unusual and violent (see Perez v Doe, 210 AD3d at 1029; Gordon v New York City Tr. Auth., 206 AD3d 977, 978; Orji v MTA Bus Co., 204 AD3d 1027, 1028).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting transcripts of the plaintiff's testimony at her hearing pursuant to General [*2]Municipal Law § 50-h and deposition, and the deposition testimony of the bus driver, which demonstrated that the movement of the bus was not "unusual or violent" or of a "different class than the jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d at 830; see Perez v Doe, 210 AD3d at 1029; Tomaszycki v New York City Tr. Auth., 194 AD3d at 978; Dowdy v MTA-Long Is. Bus, 123 AD3d 655). In opposition, the plaintiff failed to raise a triable issue of fact (see Perez v Doe, 210 AD3d at 1029; Tomaszycki v New York City Tr. Auth., 194 AD3d at 978; McLeod v County of Westchester, 38 AD3d 624, 625).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against them.
BRATHWAITE NELSON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court