Joo Yeon Park v New York City Tr. Auth. (2024 NY Slip Op 05334)

Joo Yeon Park v New York City Tr. Auth.

2024 NY Slip Op 05334

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2023-00124
 (Index No. 707885/18)

[*1]Joo Yeon Park, etc., appellant, 
v
New York City Transit Authority, respondent.

Philip F. Menna, Mount Kisco, NY, for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered November 16, 2022. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint and denied the motion of Soo Ja Park to deny the defendant's motion for summary judgment as untimely.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Soo Ja Park (hereinafter the decedent) commenced this action to recover damages for personal injuries, alleging that she was injured when she fell into a row of seats while aboard a bus owned by the defendant. The decedent alleged that after she boarded the bus and paid her fare, she was walking to her seat when the bus suddenly began to move, causing her to fall.
The defendant moved for summary judgment dismissing the complaint, arguing that the movement of the bus that caused the decedent to fall was neither unusual nor violent. The decedent then moved to deny the defendant's motion for summary judgment as untimely. In an order entered November 16, 2022, the Supreme Court, inter alia, denied the decedent's motion and granted the defendant's motion. The decedent appealed. During the pendency of the appeal, the decedent died, and the plaintiff, as executor of the decedent's estate, was substituted for the decedent.
To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of a vehicle, such as a bus, the plaintiff must establish that the movement consisted of a jerk or lurch that was "'unusual and violent'" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830, quoting Trudell v New York R.T. Corp., 281 NY 82, 85; see Jimenez v New York City Tr. Auth., 221 AD3d 674, 675; Golub v New York City Tr. Auth., 40 AD3d 581, 582). Moreover, a plaintiff may not satisfy that burden of proof merely by characterizing the stop as unusual and violent (see Urquhart v New York City Tr. Auth., 85 NY2d at 830; Jimenez v New York City Tr. Auth., 221 AD3d at 675; Gordon v New York City Tr. Auth., 206 AD3d 977, 977-978). There must be "objective evidence of the force of the stop sufficient to establish an inference that the stop was extraordinary and violent, of a different class than the jerks and jolts commonly experienced in city bus travel and, therefore, attributable to the negligence of [*2]defendant" (Urquhart v New York City Tr. Auth., 85 NY2d at 830; see Magloire v MTA Bus Co., 222 AD3d 963, 963; Andreca v Cash World Tours, Inc., 135 AD3d 675, 675). In seeking summary judgment dismissing the complaint, however, common carriers have the burden of establishing, prima facie, that the stop or movement was not unusual and violent (see Magloire v MTA Bus Co., 222 AD3d at 964; Jimenez v New York City Tr. Auth., 221 AD3d at 675; Gordon v New York City Tr. Auth., 206 AD3d at 978).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting, among other things, the bus camera video footage of the subject incident, which demonstrated that the movement of the bus was not "unusual or violent" or of a class different from "the jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d at 830; see Jimenez v New York City Tr. Auth., 221 AD3d at 675-676; Perez v Doe, 210 AD3d 1028, 1029; Gordon v New York City Tr. Auth., 206 AD3d at 978; Cui Fang Li v New York City Tr., 155 AD3d 938, 939). In opposition, the decedent failed to raise a triable issue of fact (see Magloire v MTA Bus Co., 222 AD3d at 964; Jimenez v New York City Tr. Auth., 221 AD3d at 676; Perez v Doe, 210 AD3d at 1029; Tomaszycki v New York City Tr. Auth., 194 AD3d 977, 978; cf. Houston v New York City Tr. Auth., 143 AD3d 860, 862).
Contrary to the plaintiff's contention, given the procedural history of this case, the defendant's motion, made well within 120 days after the filing of the new note of issue on June 24, 2022, was timely (see CPLR 3212[a]; Johnson v Ladin, 18 AD3d 439; see also Brill v City of New York, 2 NY3d 648).
Accordingly, the Supreme Court properly denied the decedent's motion to deny the defendant's motion for summary judgment as untimely and granted the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., BRATHWAITE NELSON, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court