McClain v MTA Bus Co. (2024 NY Slip Op 05972)

McClain v MTA Bus Co.

2024 NY Slip Op 05972

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-07028
 (Index No. 701698/19)

[*1]Geralynn McClain, appellant, 
v
MTA Bus Company, respondent, et al., defendant.

Bergman, Bergman, Fields & Lamonsoff, LLP, Hicksville, NY (Eric J. Lamonsoff, Clifford D. Gabel, and Julie T. Mark of counsel), for appellant.
Armenti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Phillip Hom, J.), entered May 2, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant MTA Bus Company which was for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not liable for the plaintiff's injuries.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when another passenger fell on her while she was on board a bus owned and operated by the defendant MTA Bus Company (hereinafter the defendant). The plaintiff commenced this action against the defendant, and another defendant, to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not liable for the plaintiff's injuries, contending that the movement of the bus that allegedly caused the plaintiff's injuries was neither unusual nor violent and, in the alternative, on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered May 2, 2023, the Supreme Court granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant on the ground that the defendant was not liable for the plaintiff's injuries, and, in effect, denied the remainder of the motion as academic. The plaintiff appeals.
To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must demonstrate that the movement was unusual and violent, rather than merely one of the sort of "jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d 828, 830; see Magloire v MTA Bus Co., 222 AD3d 963; Perez v Doe, 210 AD3d 1028, 1029; Tomaszycki v New York City Tr. Auth., 194 AD3d 977, 978). "Objective evidence of the force of the movement is needed, and the plaintiff's mere characterization of the movement as unusual and violent is insufficient" (Magloire v MTA Bus Co., 222 AD3d 963). To obtain summary judgment, a common carrier must establish, prima facie, that the movement of its vehicle was not unusual and violent (see [*2]id. at 964; Perez v Doe, 210 AD3d at 1029; Gordon v New York City Tr. Auth., 206 AD3d 977, 978).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting transcripts of the plaintiff's deposition testimony and her testimony at a hearing pursuant to General Municipal Law § 50-h and a transcript of the deposition testimony of the bus driver, which demonstrated that the movement of the bus was not "unusual or violent" or of a "different class than the jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d at 830; see Magloire v MTA Bus Co., 222 AD3d at 964; Perez v Doe, 210 AD3d at 1029; Tomaszycki v New York City Tr. Auth., 194 AD3d at 978). In opposition, the plaintiff failed to raise a triable issue of fact (see Magloire v MTA Bus Co., 222 AD3d at 964; Perez v Doe, 210 AD3d at 1029; Tomaszycki v New York City Tr. Auth., 194 AD3d at 978).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court