Johnson v MTA Bus Co. (2025 NY Slip Op 04003)

Johnson v MTA Bus Co.

2025 NY Slip Op 04003

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2024-05279
 (Index No. 524497/18)

[*1]Janet Bridget Johnson, appellant, 
v
MTA Bus Company, et al., respondents, et al., defendant.

Law Office of Stanislav Ladnik, P.C., Brooklyn, NY, for appellant.
Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gina Abadi, J.), dated February 7, 2024. The order granted the motion of the defendants MTA Bus Company and New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she fell while onboard a bus owned and operated by the defendants MTA Bus Company and New York City Transit Authority (hereinafter together the defendants). The plaintiff commenced this action against the defendants, and another defendant, to recover damages for personal injuries. Thereafter, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending that the movement of the bus that allegedly caused the plaintiff to fall was neither unusual nor violent. In an order dated February 7, 2024, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"To establish a prima facie case of negligence against a common carrier for injuries sustained by a passenger as a result of the movement of the vehicle, the plaintiff must demonstrate that the movement was unusual and violent, rather than merely one of the sort of 'jerks and jolts commonly experienced in city bus travel'" (Magloire v MTA Bus Co., 222 AD3d 963, 963, quoting Urquhart v New York City Tr. Auth., 85 NY2d 828, 830). "Objective evidence of the force of the movement is needed, and the plaintiff's mere characterization of the movement as unusual and violent is insufficient" (id. at 963; see Joo Yeon Park v New York City Tr. Auth., 231 AD3d 1133, 1134). "'In seeking summary judgment dismissing the complaint, however, common carriers have the burden of establishing, prima facie, that the movement of the bus was not unusual and violent'" (Jimenez v New York City Tr. Auth., 221 AD3d 674, 675, quoting Gordon v New York City Tr. Auth., 206 AD3d 977, 978).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by submitting, inter alia, the bus camera video footage of the incident, which demonstrated that the movement of the bus was not "unusual or violent" or of a class different from "the jerks and jolts commonly experienced in city bus travel" (Urquhart v New York City Tr. Auth., 85 NY2d at 830; see Joo Yeon Park v New York [*2]City Tr. Auth., 231 AD3d at 1135). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
BARROS, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court